UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GeLab Cosmetics LLC,<br><br>   *Plaintiff*,<br><br> v.<br><br>Sav.com, LLC,<br><br>   *Defendant*. | CASE NO.<br><br>**Jury Demand** |

**COMPLAINT**

Plaintiffs GeLab Cosmetics LLC ("GeLab LLC") brings this Complaint against Defendant Sav.com, LLC ("Defendant" "Sav") for trademark infringement, cybersquatting, and other related claims, and allege as follows:

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over the trademark infringement and false designation of origin claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

2. The Court has subject matter jurisdiction over the Illinois state law claims pursuant to 28 U.S.C. § 1367 because they involve the same set of operative facts as the federal intellectual property claims.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant resides and maintains its principal place of business at 2229 S Michigan Ave, Suite 303, Chicago, Illinois.

Furthermore, this Court may properly exercise personal jurisdiction over Defendant because it operates the fully interactive e-commerce website, https://beetlesgell.com/ (the "Infringing Website"), from its location within this judicial district, thereby purposefully directing commercial activities toward consumers in Illinois.

## NATURE OF THE ACTION

4. This action has been filed by Plaintiff to combat online counterfeiter who trades upon Plaintiff's reputation and goodwill by selling and/or offering for sale products in connection with "Beetles Gel Polish" trademark, which is covered by U.S. Trademark Registration No. 6,328,967, beetles design mark ⊗, which is covered by U.S. Trademark Registration 6,328,966, and the "beetles Gel Polish" trademark, which is covered by U.S. Trademark Registration 5,164,691 (together, the "Beetles Trademarks"). The registrations are valid, subsisting, and in full force and effect. True and correct copies of the federal trademark registration certificates for the Beetles Trademarks are attached hereto as **Exhibit 1**.

5. The Defendant operates a fully interactive commercial website under the domain name https://beetlesgell.com/ , which unlawfully reproduces and displays Plaintiff's exact trademarks and product images, deliberately creating a false impression that the counterfeit products offered for sale are genuine Beetles products. Defendant intentionally attempts to mislead consumers, causing confusion and deception regarding the source and authenticity of the products. Defendant further attempts to conceal its true identity and the full extent of its infringing activities to evade liability. Plaintiff is compelled to bring this action to immediately halt Defendant's blatant trademark infringement, cybersquatting, and the sale of counterfeit products, to protect consumers

from confusion, and to safeguard Plaintiff's valuable trademark rights. As a direct result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer irreparable harm, and thus seeks both injunctive relief and monetary damages.

## THE PARTIES

**THE PLAINTIFF**

6. Plaintiff GeLab Cosmetics LLC is a New Jersey limited liability company having its principal place of business at 101 HUDSON ST., 21ST FLOOR, SUITE 21087, JERSEY CITY, NJ 07302.

7. GeLab was before used the name Annie Cosmetics LLC ("Annie LLC"). Annie LLC was formed to sell beauty products, including nail polish and remover. A true and correct copy of the Certificate of Formation is hereto attached as **Exhibit 2**.

8. On May 7, 2018, Annie LLC changed its name to Anngel Cosmetics LLC ("Anngel LLC"). A true and correct copy of the Certificate of Amendment is attached as **Exhibit 3**.

9. On June 6, 2018, Anngel LLC changed its name to GeLab Cosmetics LLC . A true and correct copy of the Certificate of Amendment is attached as **Exhibit 4**.

10. GeLab markets beauty products under its Beetles Trademarks. Since its establishment (formerly known as Annie LLC), GeLab has experienced significant growth, with its gel polish and nail care products becoming exceptionally popular, many achieving best-seller status on Amazon. Beetles Products are now among the most beloved and highly rated cosmetics in the United States.

11. Some of the products made famous using the Beetles Trademarks are:

    https://www.amazon.com/stores/beetlesGelPolish/page/F1248520-F4CF-431E-AF83-7960D1FAD030?ref_=ast_bln



12. Beetles Products have become immensely popular and have achieved iconic status due to the brand's rigorous quality standards and innovative designs. Genuine Beetles Products are instantly recognizable and widely trusted by consumers. The Beetles brand enjoys global recognition, resonating particularly well with female consumers around the world, making its products among the most identifiable in the beauty industry. Beetles Products are distributed and sold nationwide through various online marketplaces, including within the State of Illinois.

13. Plaintiff has used the Beetles Trademarks for many years and has continuously sold products under Beetles Trademarks. As a result of this long-standing use, strong common law trademark rights have amassed in the Beetles Trademarks. Plaintiff's use of the marks has also built substantial goodwill in and to the Beetles Trademarks.

14. Beetles Trademarks are valid, subsisting, and in full force and effect, and some are incontestable pursuant to 15 U.S.C. § 1065. The registrations for the Beetles Trademarks constitute prima facie evidence of their validity and of Plaintiff's exclusive right to use the Beetles Trademarks pursuant to 15 U.S.C. § 1057 (b). True and correct copies of the United States Registration Certificates for the Beetles Trademarks are attached hereto as **Exhibit 1**.

15. The Beetles Trademarks are distinctive when applied to the Beetles Products, signifying to the purchaser that the products come from Plaintiff and are manufactured to Plaintiff's quality standards. Whether Plaintiff manufactures the products itself or contracts with others to do so, Plaintiff has ensured that products bearing the Beetles Trademarks are manufactured to the highest quality standards.

16. The Beetles Trademarks are famous marks, as that term is used in 15 U.S.C. § 1125(c)(1) and have been continuously used and never abandoned. The innovative marketing and product designs of the Beetles Products have enabled the Beetles brand to achieve widespread recognition and fame and have made the Beetles Trademarks some of the most well-known marks in the cosmetic nail polish and remover industries. The widespread fame, outstanding reputation, and significant goodwill associated with the Beetles brand have made the Beetles Trademarks valuable assets of Plaintiff.

17. Plaintiff has expended substantial time, money, and other resources in advertising and promoting the Beetles Trademarks. In fact, Plaintiff has expended millions of dollars in advertising, promoting and marketing featuring the Beetles Trademarks. Beetles Products have also been the subject of extensive unsolicited publicity resulting from their fame and highquality, innovative designs. As a result, products bearing the Beetles Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being highquality products

sourced from Plaintiff. Beetles Products have become among the most popular of their kind in the U.S. and the world. The Beetles Trademarks have achieved tremendous fame and recognition which has only added to the inherent distinctiveness of the marks. As such, the goodwill associated with the Beetles Trademarks is of incalculable and inestimable value to Plaintiff.

18. Genuine Beetles Products are sold only through authorized retail channels and are recognized by the public as being exclusively associated with the Beetles brand.

**THE DEFENDANT**

19. Upon information and belief, Defendant is a limited liability company (LLC) that owns and/or operates the website https://beetlesgell.com/. A screenshot of the domain information is provided below.



20. Upon information and belief, Defendant resides and/or operates at 2229 S Michigan Ave, Suite 303, Chicago, Illinois, 60616.

19. Defendant's address can be found through its domain registration information as well as through the Office of the Illinois Secretary of States's Business Entity records. Screenshots from Defendant's domain registration details and the Office of the Illinois Secretary of States's website are attached below.





**DEFENDANT'S UNLAWFUL CONDUCT**

22. The commercial success of the Beetles brand has led to widespread counterfeiting activities. Plaintiff has identified Defendant's domain name, which directs consumers to a fully interactive website engaged in offering for sale, selling, and importing counterfeit Beetles products to consumers within this Judicial District and across the United States.

23. According to an intellectual property rights seizure statistics report issued by the United States Department of Homeland Security, the manufacturer's suggested retail price ("MSRP") of counterfeit goods seized by the U.S. government has reached billions of dollars annually. Counterfeit websites such as Defendant's https://beetlesgell.com/ significantly contribute to

economic harm, resulting in lost revenue for legitimate businesses, reduced employment opportunities, and substantial losses in tax revenue each year.

24. Upon information and belief, Defendant intentionally designed its website https://beetlesgell.com/ to deceive consumers into believing it is an authorized online retailer, outlet store, or wholesaler offering genuine Beetles Products. Defendant's website incorporates Plaintiff's exact trademarks, product images, professional design elements, and sophisticated layouts, and accepts payments in U.S. dollars via credit card and other common payment methods. These deliberate actions make it exceedingly difficult for consumers to distinguish Defendant's counterfeit website from Plaintiff's legitimate sales channels. Attached hereto as **Exhibit 5** is a true and correct copy of Defendant's infringing website at https://beetlesgell.com/ , illustrating the unauthorized use of Plaintiff's trademarks and product images.

25. Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using Defendant Internet Store, offer shipping to the United States, including Illinois, accept payment in U.S. dollars.

26. Plaintiff has not licensed or authorized Defendant to use the Beetles Trademarks and Defendant is not an authorized retailer of genuine Beetles Products.

25. Defendant's use of the Beetles Trademarks in connection with the advertising, distribution, offering for sale, and sale of counterfeit Beetles Products, including the sale of counterfeit Beetles Products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

## COUNT I

## TRADEMARK INFRINGEMENT—15 U.S.C. § 1114

28. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

29. This is a trademark infringement action against Defendant based on its unauthorized use in commerce of counterfeit imitations of the federally registered Beetles Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The Beetles Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from Beetles Products offered, sold or marketed under the Beetles Trademarks.

30. Defendant has sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using counterfeit reproductions of the Beetles Trademarks without Plaintiff's permission.

31. Plaintiff's United States Registrations for the Beetles Trademarks (Exhibit 1) are in full force and effect. On information and belief, Defendant has knowledge of Plaintiff's rights in the Beetles Trademarks, and is willfully infringing and intentionally using infringing and counterfeit versions of the Beetles Trademarks. Defendant's willful, intentional and unauthorized use of the Beetles Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Unauthorized Beetles Products among the general public.

32. Defendant's activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

33. Plaintiff has no adequate remedy at law, and if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of the Beetles Trademarks.

34. The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendant's wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Unauthorized Beetles Products.

## COUNT II

### CYBERSQUATTING—15 U.S.C. § 1125(d)(1)

35. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

36. Plaintiff has the right to register and use the distinctive Beetles Trademarks as part of an Internet domain name.

37. The Beetles Trademarks were distinctive and had become associated with Beetles Products before Defendant registered the Internet domain names for the Infringing Website.

38. The Internet domain name for the Infringing Website is confusingly similar to the Beetles Trademarks.

39. Defendant's unauthorized registration and use of the Infringing Website constitutes cybersquatting in violation of the Lanham Act, 15 U.S.C.§ 1125(d)(1).

### COUNT III VIOLATION OF THE UNIFORM DECEPTIVE TRADE PRACTICES ACT— 815 ILCS 510/1 et seq

40. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

41. The counterfeit products sold and offered for sale by Defendant are identical in nature and type to Plaintiff's genuine Beetles Products. Consequently, Defendant's unauthorized use of Plaintiff's

trademarks is highly likely to cause confusion, mistake, or deception among consumers in the general purchasing public.

42. By misappropriating and using Plaintiff's trademarks, genuine product images, and trade names without authorization, Defendant falsely represents and misleads consumers regarding the true origin and source of the counterfeit products, creating a substantial likelihood of confusion among the purchasing public.

43. Defendant's unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale and/or sale of the Counterfeit Products creates express and implied misrepresentations that the Counterfeit Products were created, authorized or approved by the Plaintiff, all to the Defendant's profit and to the Plaintiff's great damage and injury.

44. Defendant's aforesaid acts are in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 et seq., in that Defendant's use of the Plaintiff's marks in connection with its goods and services in interstate commerce, constitutes a false designation of origin and unfair competition.

45. Plaintiff has no adequate remedy at law and, if the Defendant's activities are not enjoined, the Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendants and each of them as follows:

1. That Defendant, along with its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. using the Beetles Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Beetles Products or is not authorized by Plaintiff to be sold in connection with the Beetles Trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Beetles Products or any other products produced by Plaintiff that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Beetles Trademarks;

    c. committing any acts calculated to cause consumers to believe that Defendant's counterfeit Beetles Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. further infringing the Beetles Trademarks and damaging Plaintiff's goodwill;

    e. otherwise competing unfairly with Plaintiff in any manner;

    f. shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any Plaintiff's trademarks, including the Beetles Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof;

      g. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, the Defendant Domain Names, or any other domain name or Online Marketplace Account that is being used to sell or is the means by which Defendant could continue to sell counterfeit Beetles Products; and

      h. operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defendant that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing either or both of the Beetles Trademarks or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine Beetles Product or not authorized by Plaintiff to be sold in connection with the Beetles Trademarks.

2. Entry of an Order directing that, at Plaintiff's election, the registrant of the Defendant Domain Name shall be transferred from the current registrant to Plaintiff. Defendant Sav.com, LLC, as the current registrar for the Defendant Domain Name, shall unlock and take all necessary steps to transfer the Defendant Domain Name to a registrar selected by Plaintiff. Alternatively, Defendant shall disable the Defendant Domain Name, rendering it inactive and non-transferable;

3. Order the transfer to Plaintiff of the infringing Internet domain name associated with the Infringing Websites, along with any and all other domain names registered by Defendant or otherwise under Defendant's control, that are comprised, in whole or in part, of the Beetles Trademarks, or, alternatively, enjoin Defendant, as well as Defendant's subsidiaries, partners, officers, agents, servants, employees, attorneys, and all those acting in concert with them, from registering, owning, or using the infringing Internet domain names;

4. That Defendant account for and pay Plaintiff all profits gained through Defendant's unlawful acts herein alleged, and that the amount of damages for infringement of the Beetles Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

5. In the alternative, award Plaintiff statutory damages pursuant to 15 U.S.C. § 1117(c) in an amount not less than $1,000 and not more than $2,000,000 per counterfeit mark used by Defendant;

6. Enter a judgment, pursuant to 15 U.S.C. § 1117(d), awarding Plaintiff up to $100,000 per Internet domain name, including, without limitation, the Infringing Website, registered and used by Defendant in violation of 15 U.S.C. § 1125(d)(1);

7. Enter a judgment awarding Plaintiff the profits of Defendant; Plaintiff's actual damages; and reasonable attorneys' fees, pursuant to 815 ILCS 510/3;

8. That Plaintiff be awarded its reasonable attorneys' fees and costs; and

9. Award any and all other relief that this Court deems just and proper.

Date: April 23, 2025                                  /s/ Wei Yang

                                                      Wei Yang, Esq.
                                                      GLACIER LAW LLP
                                                      41 Madison avenue Suite 2529
                                                      New York, NY 10010
                                                      wei.yang@glacier.law
                                                      ***Attorney for Plaintiff***